# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MICHAEL ANTHONY STELLA,** | CASE NO: CV 07-108-S-EJL |
| **Appellant,** | BK CASE NO. 05-5422-TLM |
| vs. | |
| **BERNIE R. RAKOZY,** | **MEMORANDUM ORDER** |
| **Appellee.** | |

Pending before the Court in the above-entitled matter is Appellant Michael Stella's appeal of the Bankruptcy Court's denial of debtor's counsel's application for attorneys fees. Appellant filed his opening brief and the Respondent Trustee filed a responsive briefing. No reply brief was filed by Appellant.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Jurisdiction

This District Court has jurisdiction over the Bankruptcy Court appeal pursuant to 28 U.S.C. § 158(a)(1).

Standard of Review

The Appellant has correctly set forth the applicable standard of review. The Court reviews *de novo* the Bankruptcy Court's interpretation of the Bankruptcy Code and Rules. Predovich v. Staffer (In re Staffer), 262 B.R. 80, 82 (9th Cir. BAP 2001). The validity of a local rule is also reviewed *de novo*. Jones v. Hill (In re Hill), 811 F.2d 484, 485 (9th Cir. 1987); Sunahara v. Burchard (In re Burchard), 326 B.R. 768 (9th Cir. BAP 2005).

The Court will not adjust the Bankruptcy Court's award of attorney fees "absent and abuse of discretion or an erroneous application of the law," or unless the Court has "a definite and firm conviction that the Bankruptcy Court committed clear error in the conclusion it reached after weighing all of the relevant factors." Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 486 F.3d 592, 596 (9th Cir. 2006); In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985); Dawson v. Wash. Mutual Bank (In re Dawson), 390 F.ed 1139, 1145 (9th Cir. 2004).

Factual Background

Debtor's counsel signed a Model Retention Agreement ("MRA") to represent debtor in a Chapter 13 bankruptcy action. Pursuant to LBR 2016.1, counsel agreed to accept a fixed fee of $2,000 to represent the debtor in the Chapter 13 proceedings.[1] The scope of the representation is outlined in the MRA and includes pre-petition and post-petition duties of the debtor and of counsel in order to administer this case before the Bankruptcy Court. The MRA used in the District of Idaho specifically lists 15 duties the attorney agrees to provide after the case is filed and number 15 states: "Provide any other legal services necessary for the administration of this case before the bankruptcy court." See Appendix II to the local rules which is the MRA for the District of Idaho. The MRA provides that in

---

[1] The fixed fee for Chapter 13 retention agreements was increased by General Order to $2,500 as of January 1, 2006. The MRA in this case was executed and filed before January 1, 2006, so the $2,000 fixed fee applies to this appeal.

"extraordinary circumstances," the attorney may apply to the court for additional compensation. The MRA in this case indicated that in the event of a request for additional fees, the hourly rate would be $175.

Debtor's counsel submitted an application for additional attorney's fees and costs in the amount of $6,659.09.[2] The application was accompanied by an affidavit and itemization of fees required by LBR 2016.1(d). The Trustee and a certain creditor objected to the request for additional attorneys fees and costs. A hearing on the application was held by the Bankruptcy Court and the matter was taken under advisement. The Bankruptcy Court issued an oral ruling denying the debtor's request for additional attorneys fees and costs.

Debtor's counsel argues the Bankruptcy Court used the wrong definition of "extraordinary circumstances;" the Ninth Circuit allows counsel to seek additional fees after signing a "no look" retention agreement and the reasonableness test of Bankruptcy Code § 330 should be applied to the application; and this case is not the normal or routine Chapter 13 case and should be considered "extraordinary" in the legal services required. Respondent argues Debtor's counsel should be bound by the MRA he executed and that counsel has failed to establish extraordinary circumstances to support the award of additional compensation.

Analysis

1. Is "extraordinary circumstances" the proper standard for approving additional fees in a chapter 13 case were a retention agreement has been signed?

District courts (and bankruptcy courts) may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district bankruptcy court are charged with knowledge of the local rules the same as they are charged with knowledge of the Federal

---

[2]This amount included the cost of filing an appeal of $255 and $21.59 for a copying service. The Bankruptcy Court denied the requested additional costs while noting the local rule should probably be expanded to include all court fees instead of only the two specifically listed. See Dist. Idaho Loc. Bank. R. 2016.1(b). This Court agrees that more filing fees than those listed in the local rule should be allowed as reasonable costs, however the denial of the costs is not before this Court on appeal and therefore cannot be adjusted by this Court.

Rules of Civil Procedure, Bankruptcy Rules and Bankruptcy Code. This appeal centers on the interpretation of LBR 2016.1.

The District of Idaho's LBR 2016.1 sets for the presumptively reasonable value of legal fees for a chapter 13 bankruptcy action. According to the Advisory Committee Notes, the purpose of LBR 2016.1 is "to ensure reasonable and adequate compensation is paid chapter 13 debtors' counsel, to encourage full performance of duties by such counsel throughout the duration of the case as debtors' needs and changed circumstances require; and to eliminate the expense of serial requests for incremental fees through modified plans." Under the District of Idaho's MRA used in this case, counsel can charge and receive a fixed fee not to exceed $2,000. "The contemplation is that this compensation is a fixed fee for all services in the case, and not a base fee that in ordinary cases would be subject to post-confirmation requests for additional fees." See Advisory Committee Notes to LBR 2016.1. The MRA and the Advisory Committee Notes provide "in extraordinary circumstances," an attorney could seek relief from the fixed fee in the form of additional compensation. It is important to note that signing the MRA is not mandatory for attorneys representing debtors in Chapter 13 proceedings. Indeed, LBR 2016.1(a) specifically states it is an election by the attorney on whether he/she wants to enter into an MRA or enter a different fee arrangement with their client subject to the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including but not limited to 11 U.S.C. § 330(a)(4)(B).

It is undisputed in this case that prior to debtor's counsel signing the MRA, counsel consulted with the debtor and understood the debtor was self-employed with several business issues relating to the bankruptcy filings such as tax claims and creditors' claims regarding NSF checks issued by the debtor. The attorney and the debtor signed the MRA setting forth the presumptively reasonable fixed fee rate of $2,000 as well as the requirement that additional fees would only be allowed in "extraordinary circumstances."

"[A] bankruptcy court has the 'power to establish a presumptive 'reasonable value' of legal fees in consumer bankruptcies and to limit fees to a certain level unless counsel establishes that services in a particular case can justify more.'" Eliapo v. Derham-Burk (In re Eliapo), 298 B.R. 392, 400 (9th Cir. BAP 2003) (citations omitted) ("Eliapo I"). The Ninth Circuit affirmed the Bankruptcy

Appellate Panel's decision that the use of presumptive fee guidelines is consistent with 11 U.S.C. § 330. See Eliapo v. Derham-Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006) (also reversed in part on other grounds relating to due process rights) ("Eliapo II"). The court in Eliapo II also affirmed that the bankruptcy court had used an appropriate criterion of "extraordinary circumstances" for awarding fees beyond the presumptive fees. Id.

In Eliapo I, the Bankruptcy Appellate Panel held the bankruptcy court's two step analysis of (1) comparing the agreed upon and presumptively reasonable fixed rate with the normal and customary services for a Chapter 13 case and (2) examining the additional legal fees requested outside the "basic fees" to determine if they were "extraordinary" was fair and practical and complied with 11 U.S.C. § 330(a) for approving compensation. The Eliapo I court and the Eliapo II court rejected counsel's current argument that the court was applying a nonexistent "extraordinary circumstances" standard to his claim for fees. Eliapo I at 401 and Eliapo II at 601. Both courts also held the lodestar method is not the exclusive method of determining the reasonableness of fees in a chapter 13 case. Id.

The definition of "extraordinary circumstances" has been defined by the Ninth Circuit to mean legal services in a chapter 13 case which are "atypical" or "out of the ordinary." Eliapo II at 601. The Bankruptcy Court in the District of Idaho has also defined "extraordinary circumstances" for purposes of LBR 2016.1. In re Kopet, 2005 WL 4704993, p. 3, (Bankr. D. Idaho 2005), the court applied the plain meaning of the term "extraordinary circumstances" to mean "[a] highly unusual set of facts that are not commonly associated with a particular thing or event" and going beyond what is "usual, regular or customary." The court in Kopet awarded an additional $1,500 in legal fees based on the extraordinary circumstances of the bankruptcy case. The Court finds that the definitions used by the Ninth Circuit and those used in Kopet are not inconsistent and allow the bankruptcy court to award additional fees in extraordinary circumstances wherein the chapter 13 case presents a highly unusual set of facts, or where the case is not "usual, regular or customary" or the chapter 13 case is in some other manner considered "atypical" or "out of the ordinary."

Debtor argues that the Court should apply a general § 330 reasonableness test to the additional fees requested. This argument is contrary to the local rules which requires additional fees only in extraordinary circumstances where a presumptive fee has already been awarded. This extraordinary

circumstances standard for additional fees has been affirmed by the Ninth Circuit. The Court rejects Debtors argument that the standard for awarding fees additional fees in a presumptive fee case should be the reasonableness factors set forth in 11 U.S.C. § 330 (a(3).

The Court acknowledges that the court in <u>Eliapo II</u> stated: "Or, if the practitioner has already submitted a no-look application and received presumptive fees, he or she is free to seek additional fees using the lodestar method if the presumptive fees have not provided fair compensation for the time spent on the case." 468 F.3d at 600. However, this statement does not eliminate the requirement that additional fees are only awarded in extraordinary circumstances as required by the local rules applicable in the District of Idaho. The local rule and the MRA both allow for a party to seek additional fees, but the award of such fees is subject to the extraordinary circumstances analysis to determine if an attorney has received fair compensation for the time spent on a case.

2. Did the Bankruptcy Court commit clear error in determining this case did not present extraordinary circumstances?

In this case, the Bankruptcy Court considered the specific chapter 13 proceedings related to this Debtor and determined that the chapter 13 case did not present extraordinary circumstances to justify the award of additional attorney fees. This Court can only reverse the Bankruptcy Court findings if there is an abuse of discretion or an erroneous application of the law or the Court finds the Bankruptcy Court committed clear error in the conclusion it reached after weighing all of the relevant factors. In this case, the Bankruptcy Court applied the correct legal standard. In applying the legal standard and based on the Bankruptcy Court's familiarity with chapter 13 cases, the court found the services rendered were not out of the ordinary. The Bankruptcy Court acknowledged the tax issues and NSF classification issues were somewhat unique, but that such issues were included in the scope of duties the attorney agreed to provide prior to signing the voluntary MRA. While another judge may view the same issues "extraordinary," this Court cannot substitute its judgment for the Bankruptcy Court without first finding the court committed clear error. Additionally, the fact that the MRA was voluntarily entered into by the attorney who was fully aware of the tax and classification issues prior to entering the MRA also supports that the attorney believed this was a typical chapter 13 case when

he accepted the representation of the Debtor.  In examining all the issues presented in this particular chapter 13 case, the Court finds the Bankruptcy Court did not commit clear error when it issued its findings that this particular case does not present extraordinary circumstances and additional fees were not warranted.

## Order

Being fully advised in the premises, the Court hereby orders that Appellant's appeal (Docket No. 1) is DENIED and the ruling of the Bankruptcy Court is AFFIRMED.

**DATED:  July 19, 2007**

**Honorable Edward J. Lodge**
**U. S. District Judge**